UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ST. MARK'S LUTHERAN HOME,

Plaintiff,

v.

TOMMY THOMPSON, in his capacity as Secretary of the U.S. Department of Health and Human Services;
JOHN SCULLY, in his Capacity as Administrator of the Health Care Financing Administration;
DOROTHY BURKE COLLINS, as the Regional Administrator of Region V of HCFA; and
BLUE CROSS BLUE SHIELD OF NORTH DAKOTA, in its capacity as Fiscal intermediary d/b/a Noridian,

Defendants.

Civil No. 01-1034 (DSD/JMM)

**FINAL** PRETRIAL
SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

October 17, 2001 - All motions or stipulations which seek to amend the pleadings or add parties must be served and filed.

October 29, 2001 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed by Plaintiff.

November 9, 2001 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed by Defendants.

Filed MAY 0 9 2002
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

Discovery/Nondispositive Motions

February 1, 2002 - All discovery of any kind shall be commenced in time to be completed by this date.

February 5, 2002 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

It is the intention of the parties to present cross-motions for summary judgment. The Motions shall be submitted in accordance with Local Rule 7.1, and particularly Local Rule 7.1(b)(2)(A) through (E). The following schedule shall be followed in the submission of the written pleadings in support of said Motion.

April 12, 2002 - Plaintiff's Motion for Summary Judgment and Supporting Pleadings

May 6, 2002 - Defendants' Motion for Summary Judgment and Supporting Pleadings

May 6, 2002 - Parties will schedule a hearing on the Motions

**May 21, 2002 - Plaintiff's Reply, not to exceed 20 pages**

**June 7, 2002 - Defendants' Surreply, not to exceed 20 pages**

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion. The parties estimate that trial of this matter will take 8 days.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than 2 experts.

Each party may call no more than 2 experts at trial.

Dated: May 9, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

At the pretrial conference, the Parties advised of their mutual intention to submit Motions for Summary Judgment. Rather than have simultaneous Motions, it was concluded that the Motions would be presented sequentially. At the time the Order was issued, the Court did not give attention to the question of the affect of this procedure on the page limitations in the Memoranda. As a consequence, each of the Parties has now reached different, but wholly supportable positions about the limitations which should be imposed.

The conclusion we have reached in this Order serves to avoid the prejudice to the Plaintiff that may have arisen by reason of the absence of specificity on this issue in the Court's Pretrial Scheduling Order, while avoiding corresponding prejudice to Defendants as a result of the change. We are influenced, as well, by our desire to insure that the District Court is fully advised of the relevant legal authority which bears upon the substantive issues.

J.M.M.